UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**PHYLLIS MONTGOMERY**,             )
                                    )
   *Plaintiff*,        )
                                    )
   v.                  )   Civil Action No. 13-0402 (ESH)
                                    )
**OMNISEC INTERNATIONAL**           )
**SECURITY SERVICES, INC.**,        )
                                    )
   *Defendant*.        )
_____ )

## MEMORANDUM OPINION

     Plaintiff Phyllis Montgomery, proceeding *pro se*, has filed suit against her former employer, Omnisec International Security Services, Inc. ("Omnisec"), alleging discrimination based on age, race, and gender, as well as retaliation based on her involvement in union activities. Currently before the Court is defendant's motion to dismiss plaintiff's complaint. (Defendant's Motion to Dismiss, Apr. 4, 2013 [ECF No. 8] ("Mot.").) For the reasons stated below, defendant's motion will be granted in part and denied in part.

## BACKGROUND

     Plaintiff is an African-American female over the age of fifty. (Plaintiff's Response to Defendant's Motion to Dismiss, July 10, 2013 [ECF No. 11] ("Opp'n") at 1.) She was formerly employed by Omnisec as a Special Police Officer, and she served as a union Shop Steward. (*Id.* at 1-2.) She was terminated on October 19, 2010. (*Id.* at 2.) At the time of her termination, she was involved in managing her first grievance procedure. (*Id.*) On April 22, 2011, plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). (Mot. Ex. 1, EEOC Charge.) In it, she checked the box to indicate that she had been

1

discriminated based on her age. (*Id.*)  She did not check the boxes for discrimination based on race, color, or sex. (*Id.*)  In her description of the "particulars," she described the circumstances of her termination and then stated that she believed she had been discriminated against "due to my age, 51, in violation of the Age Discrimination in Employment Act of 1967." (*Id.*)

On February 27, 2013, plaintiff filed a *pro se* complaint against Omnisec in the Superior Court for the District of Columbia. (*See* Complaint, Feb. 27, 2013 [ECF No. 1-1] ("Compl.").)  In it, she alleged discrimination based on age, race, and gender. (*Id.*)  She also appeared to allege retaliation based on her role as a union Shop Steward. (*Id.*)  Defendant removed the case to this Court on March 28, 2013.  (Defendant's Notice of Removal of Civil Action [ECF No. 1].)

## ANALYSIS

I.     **FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

"Title VII requires that a person complaining of a violation file an administrative charge with the EEOC and allow the agency time to act on the charge" before filing suit in federal court. *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995).  A subsequent Title VII lawsuit "is limited in scope to claims that are like or reasonably related to the allegations of the charge and growing out of such allegations." *Id.* (internal quotation marks omitted).  "EEOC complaints are to be liberally construed, because they are often drafted 'by persons unschooled in technical pleading.'" *Caldwell v. ServiceMaster Corp.*, 966 F. Supp. 33, 49 (D.D.C. 1997) (quoting *Shehadeh v. Chesapeake & Potomac Tel. Co.*, 595 F.2d 711, 727 (D.C. Cir. 1978)).  Indeed, "it is well settled that a vaguely worded charge is not fatal to a Title VII plaintiff's case." *Id.*  However, "it is also true that the requirement of some specificity in a charge is not a mere technicality." *Park*, 71 F.3d at 907 (internal quotation marks omitted).  "A liberal interpretation of an administrative charge cannot be used to 'permit a litigant to bypass the Title VII

administrative process.'" *Caldwell*, 966 F. Supp. at 49 (quoting *Park*, 71 F.3d at 907). The same exhaustion requirement applies to claims brought under the Age Discrimination in Employment Act ("ADEA"). *See Washington v. Wash. Metro. Area Transit Auth.*, 160 F.3d 750, 752 (D.C. Cir. 1998). "It is the defendant's burden to prove by a preponderance of the evidence that the plaintiff failed to exhaust administrative remedies." *Na'im v. Rice*, 577 F. Supp. 2d 361, 370 (D.D.C. 2008).

Plaintiff's complaint alleges discrimination based on age, race, and gender. However, in her EEOC Charge, plaintiff only checked the box for discrimination based on "age." (Mot. Ex. 1, EEOC Charge.) Moreover, nothing in the written description of her claim in any way indicated that she was also alleging race and gender discrimination; to the contrary, it clearly and unambiguously stated that she believed she had been discriminated against "due to [her] age, 51." (*Id.*) It is well established that in the absence of any indication in her EEOC Charge that plaintiff alleged discrimination based on race and gender, she may not proceed with those claims in court. *See, e.g.*, *Williams v. Spencer*, 883 F. Supp. 2d 165, 174 (D.D.C. 2012) (plaintiff failed to exhaust administrative remedies for her race discrimination claim because she "did not check 'race' or 'color' as the basis of her discrimination charge, nor does the written explanation in her EEOC complaint describe a suspicion or allegation of discrimination based on race or color"); *Bailey v. Verizon Commc'ns, Inc.*, 544 F. Supp. 2d 33, 37-38 (D.D.C. 2008) (plaintiff could not bring claims for gender and race discrimination where she only checked the box for age discrimination and noting that "[i]f a plaintiff's EEOC charge makes a class of allegation altogether different from that which she later alleges when seeking relief in federal district court, she will have failed to exhaust administrative remedies"); *Hunt v. Dist. of Columbia Dep't of Corr.*, 41 F. Supp. 2d 31, 36 (D.D.C. 1999) (holding that plaintiff failed to exhaust

administrative remedies for her gender discrimination claim because she only checked the boxes for age discrimination and retaliation).

Plaintiff's only response to this argument is that her cover letter to her EEOC Intake Questionnaire stated that she was the "oldest female African American Special Police Officer at Thurgood Marshall Federal Judiciary building." (Opp'n at 5.) However, merely stating her race and gender is not sufficient to put her employer on notice that she believed she had been discriminated against on those bases. Indeed, in *Riggsbee v. Diversity Servs., Inc.*, 637 F. Supp. 2d 39 (D.D.C. 2009), the plaintiff checked only "race" as a basis of discrimination, but later sought to bring Title VII claims for both race and gender discrimination. *See id*. at 42-43. The plaintiff claimed that she had adequately exhausted her administrative remedies for her gender discrimination claim because the narrative accompanying her EEOC complaint stated that she was a "black female" and that she was replaced by a "white male." *See id.* at 43. However, the very next sentence stated that she believed the reason given to her for her termination "was pretext to mask unlawful racial discrimination against me on the basis of my race and color." *Id.* The Court held that her EEOC complaint had not adequately alleged gender discrimination because,

> [B]eyond the[] two references to "male" and "female," the EEO complaint contains nothing that implies an allegation of sex discrimination. Indeed, her one paragraph narrative in the EEO complaint underscores her charge that the discrimination alleged is limited to "race"—the box she checked.

*Id.* (internal citations omitted).

The same conclusion is appropriate here. On her EEOC Charge, the only box plaintiff checked was for age discrimination, and her narrative clearly stated: "I believe I have been discriminated against due to my age, 51." (Mot. Ex. 1, EEOC Charge.) The mere fact that she identified her gender and race in the cover letter to her Intake Questionnaire was insufficient to

4

overcome her own characterization of her claim.  As in *Hunt*, plaintiff's employer "could not even arguably have been on notice that she was also complaining of discrimination on the basis of gender" or race.  41 F. Supp. 2d at 36.  The Court will therefore grant defendant's motion to dismiss with respect to plaintiff's claims for discrimination based on race and gender.

II.     **FAILURE TO STATE A CLAIM**

Defendant next argues that plaintiff has failed to plead adequate facts to allege a plausible claim for relief based on age, race, or gender discrimination.  (Mot. at 5-7.)  As explained above, plaintiff has failed to exhaust her administrative remedies with respect to her claims for race and gender discrimination.  (*See supra* Section I.)  Thus, the only question is whether she has adequately stated a claim of age discrimination.

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the pleaded factual content "allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  The complaint must do more than set forth "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  In ruling on a motion to dismiss, a court may ordinarily consider only the facts alleged in the complaint, documents attached to or incorporated by reference in the complaint, matters about which the Court may take judicial notice, and any documents appended to a motion to dismiss whose authenticity is not disputed, if they are referred to in the complaint and integral to a claim.  *U.S. ex rel. Folliard v. CDW Tech. Servs., Inc.*, 722 F. Supp. 2d 20, 24 (D.D.C. 2010).  Moreover, a *pro se* plaintiff's complaint will

be held to "less stringent standards than formal pleadings drafted by lawyers." *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* complaint "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Id.* at 681-82 (quoting *Iqbal*, 556 U.S. at 679).

In employment discrimination cases involving ADEA or Title VII claims, a plaintiff need not plead facts establishing a prima facie case. *Carson v. Sim*, 778 F. Supp. 2d 85, 93 (D.D.C. 2011) (citing *Twombly*, 550 U.S. at 569); *Fennell v. A.A.R.P.*, 770 F. Supp. 2d 118, 127 (D.D.C. 2011) (citing *Brady v. Office of Sergeant at Arms*, 520 F.3d 490, 493 (D.C. Cir. 2008)). However, a plaintiff "must nevertheless plead sufficient facts to show a plausible entitlement to relief." *Fennell*, 770 F. Supp. 2d at 127. There are two essential elements of an age discrimination claim under the ADEA: (1) that the plaintiff suffered an adverse employment action, (2) *because of* the plaintiff's age. *See Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008). Defendant does not appear to dispute that plaintiff has alleged an adverse employment action, as her complaint clearly states that she was terminated. However, defendant does claim that plaintiff failed to "allege[] that discrimination was the basis for her termination, nor [did] she provide any facts upon which one could infer discrimination." (Mot. at 7.)

The Court disagrees. Admittedly, plaintiff did not expressly assert a causal relationship between her termination and the discrimination she allegedly suffered. Instead, she alleged in one sentence that she was discriminated against, and in the next sentence, that she was terminated. (*See* Compl.) A liberal construction of plaintiff's *pro se* pleading, however, leads to the undeniable conclusion that plaintiff believes the two facts were causally linked. Moreover, she pointed to at least two pieces of evidence to suggest that Omnisec was motivated by

6

discriminatory animus. First, she alleged that when the company experienced financial troubles, it selectively terminated individuals who were over forty years old. (*Id.*) And second, she clearly stated that she "endured younger officers being treated better and given better Post assignments," even though she "had seniority and more experience than them." (*Id.*)

It is well established that one way for a plaintiff to prove that her employer's reasons for an adverse employment action were pretextual is to "offer evidence that similarly-situated employees outside the protected class were treated 'more favorably in the same factual circumstances.'" *Montgomery v. Gotbaum*, 920 F. Supp. 2d 73, 80-81 (D.D.C. 2013) (quoting *Brady*, 520 F.3d at 495). Defendant argues that plaintiff's allegations were insufficient because she "failed to identify a comparator who was not of the same . . . age who received more favorable treatment than she did." (Mot. at 7.) However, the cases defendant cites in support of that assertion arose on motions for summary judgment, and therefore apply an inappropriately high standard. *See Montgomery v. Chao*, 546 F.3d 703 (D.C. Cir. 2008); *Waterhouse v. District of Columbia*, 298 F.3d 989 (D.C. Cir. 200). At the motion to dismiss stage, plaintiff's complaint pleads adequate facts to allege a plausible claim of discrimination. *See Gray v. Universal Serv. Admin. Co.*, 581 F. Supp. 2d 47, 55 (D.D.C. 2008) (denying motion to dismiss discrimination claim because the plaintiff had alleged that her termination was based on her race and that she was treated less favorably than other employees of other races); *Winston v. Clough*, 712 F. Supp. 2d 1, 10 (D.D.C. 2010) (denying motion to dismiss discrimination claim because plaintiff alleged that his suspension was motivated by his race and claimed that other employees outside of his protected class had not been reprimanded for similar conduct); *Ghawanmeh v. Islamic Saudi Acad.*, 672 F. Supp. 2d 3, 15-16 (D.D.C. 2009) (declining to dismiss plaintiff's race discrimination claim despite the fact that she did not specifically identify the other similarly

situated individuals who were not fired for the same conduct).  Thus, defendant's motion to dismiss with respect to plaintiff's age discrimination claim will be denied.

## III.     BREACH OF COLLECTIVE BARGAINING AGREEMENT CONTRACT

Defendant's third and final argument relates to the portion of plaintiff's complaint that states: "I received retaliation from Omnisec International Security Services Inc. for being a Shop Steward [and] representing an officer's grievances procedures."  (Compl.)  In her opposition, she further explains that she requested and was entitled to a Step 3 Grievance meeting and an Arbitration, but that Omnisec refused to participate.  (Opp'n at 6-7.)  Additionally, she complains that the "Union did not form an Arbitration panel[] or meeting as Plaintiff requested."  (*Id.* at 7.)  Thus, liberally construing plaintiff's complaint, she appears to be alleging that Omnisec breached the collective bargaining agreement ("CBA") by failing to follow the grievance and arbitration provisions provided for therein, and that the Union breached its duty of fair representation by failing to form an arbitration panel as it was required to do under the CBA.

Defendant correctly points out that such "hybrid" actions, as they are known, are governed by a six-month statute of limitations.  *See N'Diaye v. Commc'ns Workers of Am.*, No. 12-1731, 2013 WL 2462110, at *3 (D.D.C. June 7, 2013) ("The Supreme Court held that the six-month statute of limitations under Section 10(b) of the National Labor Relations Act applies to hybrid claims when a plaintiff sues his or her union for breach of duty of fair representation and his or her employers for breach of the collective bargaining agreement." (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169-70 (1983))).  The six months begin to run "from the later of (1) when the employee discovers, or in the reasonable exercise of diligence should have discovered, the acts constituting the alleged [breach] by the employer, or (2) when the employee knows or should have known of the last action taken by the union which constituted the alleged

breach of its duty of fair representation." *Watkins v. Commc'ns Workers of Am., Local 2336*, 736 F. Supp. 1156, 1159 (D.D.C. 1990) (internal quotation marks and citations omitted). Where, as here, the employee was terminated "before the Union was called upon to process the employee's grievance, the timeliness of the suit turns upon the date when the fair representation claim accrued." *Id.*

Plaintiff was terminated on October 19, 2010. (Opp'n at 2.) It appears from her opposition that the last action taken with respect to her grievance was in January 4, 2011, when the Union requested an arbitration with Omnisec for the second time. (Opp'n at 7.) Plaintiff filed her lawsuit in Superior Court on February 27, 2013, over two years after the last action was taken on her grievance. Her complaint was thus filed well outside the six-month statute of limitations window for a claim of this kind. Defendant's motion to dismiss this portion of plaintiff's complaint will therefore be granted.[1]

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss plaintiff's complaint will be granted in part and denied in part. A separate Order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: August 20, 2013

---

[1] The Court is cognizant that the Union was not named as a defendant in this matter, and thus plaintiff may not have intended to bring a hybrid claim, but rather to sue only her employer for breach of the CBA. However, her claim would fare no better if styled in that way. As defendant points out, "[a] claim that arises from and requires interpretation of a [CBA] is preempted by Section 301(a) of the Labor Management Relations Act and must be dismissed for failure to state a claim." *Lawson v. P.E.P.C.O.*, 721 F. Supp. 2d 1, 7 (D.D.C. 2010) (citing *Bush v. Clark Constr. & Concrete*, 267 F. Supp. 2d 43, 46 (D.D.C. 2003)). Moreover, even if this Court liberally construed plaintiff's complaint as stating a claim under Section 301(a), it too would run afoul of a six-month statute of limitations, this time from Section 10(b) of the National Labor Relations Act. *See* 29 U.S.C. § 160(b).

9